# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CHACON,<br><br>Plaintiff,<br><br>v.<br><br>ROGELIO ORTEGA, M.D., et al.,<br><br>Defendants.<br>_____/ | Case No. 1:13-cv-01176-SKO (PC)<br><br>FIRST SCREENING ORDER (1) DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND (2) DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Docs. 1 and 5)<br><br>THIRTY-DAY DEADLINE |

### First Screening Order

**I.  Screening Requirement and Standard**

Plaintiff Joel Chacon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 26, 2013. On July 18, 2013, Plaintiff filed the complaint upon which this action currently proceeds.[1]

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

---

[1] The action was filed in the Northern District of California upon receipt of a letter from Plaintiff. The district court ordered Plaintiff to file a complaint on June 26, 2013.

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.  Discussion**

    **A.  Plaintiff's Allegations**

Plaintiff, who is incarcerated at the California Correctional Institution in Tehachapi, California, brings this action against Rogelio Ortega, M.D., Nurse Jane Doe, and Warden Kim Holland for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on or around March 20, 2013, he was seen by Defendant Ortega, who diagnosed him with nerve damage and prescribed Amitriptyline HCL, 25 mcg.

On or around March 27, 2013, Plaintiff began having an outbreak of bleeding ulcers and he submitted a request for emergency medical care on April 1, 2013. Plaintiff was seen by Defendant Doe, who checked his open wounds and said it looked like it hurt. Defendant Doe prescribed Benadryl, 50 mg., and told Plaintiff he would be okay. Defendant Doe said she could not give him any pain medication.

On April 2, 2013, Plaintiff was seen by Defendant Ortega, who told Plaintiff his mouth ulcers would go away. Defendant Ortega thought the ulcers were caused by the medication prescribed for the nerve damage and he prescribed Plaintiff Lidocaine Hydrochloride topical solution, 2%.

On April 4, 2013, Plaintiff sent another request for emergency medical care complaining about his mouth and stomach and stating he could not eat.

On April 5, 2013, Plaintiff told Defendant Ortega that he had stomach pain and he was throwing up and defecating blood. Defendant Ortega said he could not prescribe anything for Plaintiff's pain. Plaintiff alleges that Defendant Ortega did not believe him so he had Plaintiff lie down. Defendant Ortega inserted his finger in Plaintiff's rectum and told the nurse to call in "Cod 2" because Plaintiff had blood in his stool.[2] (Comp., 4:23.) Plaintiff was then taken to San Joaquin Community Hospital, where it was determined he had internal bleeding.

On April 7, 2013, Doctor Vu showed Plaintiff a picture of forty to fifty ulcers. Plaintiff was prescribed Omeprazole, 20 mg., and Metoclopramide, 10 mg., and he was prescribed pain medication from April 8, 2013, to April 16, 2013.

### B. Medical Care Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122

---

[2] It is unclear if Plaintiff means "code 2."

(citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff's allegations support the existence of a serious medical need arising out of his reaction to the medication prescribed for his nerve damage. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff's allegations fail to demonstrate that Defendants Ortega, Doe, and Holland were deliberately indifferent toward his medical needs. To the contrary, Plaintiff's allegations show that he received prompt medical care. The mere fact of Plaintiff's adverse reaction to a medication does not support a claim under section 1983, *Wilhelm*, 680 F.3d at 1122, and Plaintiff's disagreement with the course of treatment rendered does not support a claim against Defendant Ortega or Defendant Doe, *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23.

With respect to Defendant Holland, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted). Plaintiff's complaint is devoid of any facts supporting a claim for relief against Defendant Holland.

The Court will provide Plaintiff with the opportunity to file an amended complaint.

///

**III.     Request for Appointment of Counsel**

In his letter which initiated this lawsuit, Plaintiff requested the appointment of counsel. (Doc. 1.) Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. First, given Plaintiff's failure to state a claim, the Court does not find that he is likely to succeed on the merits.  Second, the Court finds that Plaintiff is able to adequately articulate his claims pro se. Therefore, Plaintiff's request for the appointment of counsel is denied.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

///

///

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, filed on June 26, 2013, is denied;

2. Plaintiff's complaint, filed on July 18, 2013, is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 9, 2014**                              /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE