# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL CHACON, | Case No. 1:13-cv-01176-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| ROGELIO ORTEGA, M.D., | |
| Defendant. | (Doc. 16) |

## Second Screening Order

### I.  Procedural Background

Plaintiff Joel Chacon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 26, 2013. On May 12, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on June 13, 2014.

### II.  Screening Requirement and Standard

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937

(2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### III.   Discussion

#### A.   Plaintiff's Allegations

Plaintiff, who is incarcerated at the California Correctional Institution in Tehachapi, California, brings this action against Rogelio Ortega, M.D., for violating his rights under the Eighth Amendment of the United States Constitution. Plaintiff's amended complaint sets forth significantly fewer facts than did his original complaint. While it may have been entirely unintentional, the factual omissions nevertheless affect Plaintiff's claim. *See Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding.") (internal quotations and citation omitted). Based on the paucity of facts in Plaintiff's amended complaint and the omission of relevant facts previously pled, the Court views Plaintiff's amended complaint through the lens of his original complaint, and the following fact summary is reproduced from the first screening order:

> Plaintiff alleges that on or around March 20, 2013, he was seen by Defendant Ortega, who diagnosed him with nerve damage and prescribed Amitriptyline HCL, 25 mcg.

>   On or around March 27, 2013, Plaintiff began having an outbreak of bleeding ulcers and he submitted a request for emergency medical care on April 1, 2013. Plaintiff was seen by Defendant Doe, who checked his open wounds and said it looked like it hurt. Defendant Doe prescribed Benadryl, 50 mg., and told Plaintiff he would be okay. Defendant Doe said she could not give him any pain medication.
>
>   On April 2, 2013, Plaintiff was seen by Defendant Ortega, who told Plaintiff his mouth ulcers would go away. Defendant Ortega thought the ulcers were caused by the medication prescribed for the nerve damage and he prescribed Plaintiff Lidocaine Hydrochloride topical solution, 2%.
>
>   On April 4, 2013, Plaintiff sent another request for emergency medical care complaining about his mouth and stomach and stating he could not eat.
>
>   On April 5, 2013, Plaintiff told Defendant Ortega that he had stomach pain and he was throwing up and defecating blood. Defendant Ortega said he could not prescribe anything for Plaintiff's pain. Plaintiff alleges that Defendant Ortega did not believe him so he had Plaintiff lie down. Defendant Ortega inserted his finger in Plaintiff's rectum and told the nurse to call in "Cod 2" because Plaintiff had blood in his stool.[1] (Comp., 4:23.) Plaintiff was then taken to San Joaquin Community Hospital, where it was determined he had internal bleeding.
>
>   On April 7, 2013, Doctor Vu showed Plaintiff a picture of forty to fifty ulcers. Plaintiff was prescribed Omeprazole, 20 mg., and Metoclopramide, 10 mg., and he was prescribed pain medication from April 8, 2013, to April 16, 2013.

(Doc. 14, Order, 2:21-3:15.)

In his amended complaint, Plaintiff names only Defendant Ortega, and he alleges that he saw Defendant for his mouth ulcers, but Defendant provided only an ineffective topical medication and did not treat Plaintiff's extreme pain. Plaintiff alleges that only when he began to bleed internally was action taken, and he was sent to an outside hospital.

### B.     Medical Care Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and

---

[1] It is unclear if Plaintiff means "code 2."

3

wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff's allegations support the existence of a serious medical need arising out of his reaction to the medication prescribed for his nerve damage. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). However, Plaintiff's allegations do not support a claim that Defendant Ortega acted with deliberate indifference to his medical needs. To the contrary, Plaintiff received prompt medical care. The mere fact of Plaintiff's adverse reaction to a medication does not support a claim under section 1983, *Wilhelm*, 680 F.3d at 1122, and Plaintiff's disagreement with the course of treatment rendered does not support a claim against Defendant Ortega, *Snow*, 681 F.3d at 987; *Wilhelm*, 680 F.3d at 1122-23. Although Plaintiff alleges that Defendant "failed any attempt to diminish [his] level of obvious pain," his allegations that his pain was ignored are belied by the fact that Defendant prescribed Lidocaine Hydrocortisone, which is a local anesthetic. *Stanton by Brooks v. Astra Pharmaceutical Products, Inc.*, 718 F.2d 553, 556 (3d Cir. 1983); *Gelley v. Astra Pharmaceutical Products, Inc.*, 466 F.Supp. 182, 184 (D.C.Minn. 1979); *Dorland's Illustrated Medical Dictionary* 1048 (31st ed. 2007). (Doc. 16, Amend. Comp., p. 4.) The Court does not doubt that Plaintiff's mouth ulcers caused him severe pain, but there is no support for his claim that Defendant Ortega was deliberately indifferent to his medical condition.

## IV. **Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with leave to amend and based on the nature of the deficiencies, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130. Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983;
2. The Clerk's Office shall enter judgment; and
3. The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **February 19, 2015**  **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE